**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIEL LUNA GARCIA,<br><br>        Plaintiff,<br><br>   v.<br><br>T. HASLEY, *et al.*,<br><br>        Defendants. | **CASE NO.** CV 16-00912 JGB (AFM)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

On February 9, 2016, plaintiff, an inmate presently incarcerated at the Kern Valley State Prison in Delano, California, filed a Complaint in this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He subsequently was granted leave to proceed without prepayment of the full filing fee. The Complaint names as defendants T. Hasley and Esrebar Cardenas, both Correctional Officers at California State Prison, Los Angeles County ("CSP-LAC"). (Doc. No. 1 at 3.)[1] Plaintiff's claims appear to arise from an incident at CSP-LAC on December 28, 2012, when both correctional officers are alleged to have used excessive force.

---

[1] The Court references the electronic version of the Complaint because the document plaintiff filed does not have consecutive page numbers.

(*Id.*) Plaintiff seeks declaratory and injunctive relief as well as monetary damages. (*Id.* at 5.)

In accordance with the terms of the "Prison Litigation Reform Act of 1995" ("PLRA"), the Court has screened the Complaint prior to ordering service for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1). The Court's screening of the pleading under the foregoing statutes is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (when determining whether a complaint should be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2), the court applies the same standard as applied in a motion to dismiss pursuant to Rule 12(b)(6)). In determining whether the pleading states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In addition, since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). However, the Supreme Court has held that, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the

speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)); *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation"), *cert. denied*, 132 S. Ct. 2101 (2012).

After careful review and consideration of the Complaint under the foregoing standards, the Court finds that plaintiff's allegations appear insufficient to state any claim on which relief may be granted. Accordingly, the Complaint is dismissed with leave to amend. *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

**If plaintiff still desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than April 20, 2016, remedying the deficiencies discussed below.** Further, plaintiff is admonished that, if he fails to timely file a First Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that this action be dismissed without leave to amend and with prejudice.[2]

---

[2] Plaintiff is advised that this Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as

# DISCUSSION

## A. The allegations of the Complaint fail to comply with the pleading requirements of Federal Rule of Civil Procedure 8.

Plaintiff's Complaint fails to comply with Federal Rules of Civil Procedure 8(a) and 8(d). Fed. R. Civ. P. 8(a) states:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) **a short and plain statement of the claim showing that the pleader is entitled to relief**; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(Emphasis added). Further, Rule 8(d)(1) provides: "Each allegation must be simple, concise, and direct. No technical form is required." Although the Court must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (a complaint must give defendants fair notice of the claims against them). If a plaintiff fails to clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued on which theory

---

dispositive of that claim. Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your Complaint, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action. However, if you decide to pursue a claim in a First Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

and what relief is being sought against them, the pleading fails to comply with Rule 8. *See, e.g.*, *McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996); *Nevijel v. Northcoast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Moreover, failure to comply with Rule 8 constitutes an independent basis for dismissal of a complaint that applies even if the claims in a complaint are not found to be wholly without merit. *See McHenry*, 84 F.3d at 1179; *Nevijel*, 651 F.2d at 673. force.

Plaintiff's Complaint fails to set forth a short and plain statement of the claim or claims that he seeks to raise against the two named defendants. Plaintiff merely references the use of excessive force (Doc. No. 1 at 3), but his Complaint fails to include any statement of any claim or claims arising from the use of force. To the extent that plaintiff intends to allege an Eighth Amendment claim against any defendant, the use of excessive force by a prison official against a convicted prisoner constitutes a violation of the Eighth Amendment. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). However, not "every malevolent touch by a prison guard" violates a prisoner's constitutional rights. *Hudson*, 503 U.S. at 9; *see also Watison v. Carter*, 668 F.3d 1108, 1113 (9th Cir. 2012). The use of force against prisoners "does not amount to a constitutional violation . . . if it is applied in a good faith effort to restore discipline and order and not 'maliciously and sadistically for the very purpose of causing harm.'" *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002). (quoting *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)); *see also Furnace v. Sullivan*, 705 F.3d 1021, 1028 (9th Cir. 2013) (the constitutional analysis turns on "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm"). Accordingly, plaintiff must set forth factual allegations showing that a specific defendant applied force "for the very purpose of causing harm" rather than in an effort to restore discipline.

The Court therefore finds that the Complaint fails to comply with Rule 8.

### B. To the extent that plaintiff's claim(s) implicate the duration of his confinement, the claims cannot be maintained in a § 1983 action and are barred by Heck.

A petition for habeas corpus is a prisoner's sole judicial remedy when attacking "the validity of the fact or length of . . . confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973); *Young v. Kenny*, 907 F.2d 874, 875 (9th Cir. 1990). Further, a prisoner's challenge to a disciplinary action that necessarily implicates the length of his or her confinement must be brought in a petition for habeas corpus. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (barring § 1983 challenge to prison disciplinary hearing because success on the claim would result in automatic reversal of a disciplinary sanction); *Wolff v. McDonnell*, 418 U.S. 539, 554-55 (1974) (holding that prisoners may not use § 1983 to obtain restoration of good-time credits). Thus, plaintiff may not use a civil rights action to challenge the validity of his continued incarceration, seek expungement of his disciplinary conviction(s), or seek the restoration of any lost good-time credits. Such relief only is available in a habeas corpus action. A civil rights complaint that appears to be seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995).

In addition, to the extent that plaintiff may be attempting to use a civil rights action to seek monetary damages for an allegedly unlawful disciplinary action where success would necessarily implicate the fact or duration of his confinement, his claims are not cognizable under § 1983 unless and until plaintiff can show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Under *Heck*, if a judgment in favor of a plaintiff on a civil rights action *necessarily* will imply the

1  invalidity of his or her conviction or sentence, the complaint must be dismissed
2  unless the plaintiff can demonstrate that the conviction or sentence already has been
3  invalidated.  *Id.*  Thus:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original); *see also Skinner v. Switzer*, 562 U.S. 521, 525 (2011)  ("Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983.").

Because plaintiff has failed to set forth a short and plain statement of the factual basis for each of his claims, it is not clear to the Court if plaintiff is purporting to raise any claims from an allegedly unlawful disciplinary action that would implicate the duration of his confinement.  Plaintiff, however, seeks injunctive relief to "clear" his record" (Doc. No. 1 at 5), and he has attached records of a disciplinary action in which plaintiff was found guilty of assaulting correctional officers Cardenas and Hasley on December 28, 2012 (*id.* at 25-27).  As a result of his disciplinary conviction, plaintiff was assessed the forfeiture of behavioral credit.  (*Id.* at 27.)

Accordingly, to the extent that plaintiff is intending to raise claims for the use of excessive force against defendants Cardenas and Hasley in connection with the incident on December 28, 2012, success of such claims herein would necessarily demonstrate the invalidity of a disciplinary action that resulted in the loss of credit that would implicate the length of plaintiff's sentence.  Therefore, in order to proceed on a claim(s) arising from this incident, plaintiff must either demonstrate

that the disciplinary conviction already has been invalidated or raise such claim(s) in a habeas petition.

\*\*\*\*\*\*\*\*\*\*\*\*

**If plaintiff still desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than April 20, 2016**, remedying the pleading deficiencies discussed above. The First Amended Complaint should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original complaint, or any other pleading, attachment, or document.

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize. Plaintiff is admonished that, if he desires to pursue this action, he must sign and date the civil rights complaint form, and he must use the space provided in the form to set forth all of the claims that he wishes to assert in a First Amended Complaint.

**Plaintiff is further admonished that, if he fails to timely file a First Amended Complaint, or fails to remedy the deficiencies of his pleading as discussed herein, the Court will recommend that the action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.**

In addition, if plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a). The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**IT IS SO ORDERED.**

DATED: March 9, 2016

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE