# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL GARCIA,<br><br>                    Plaintiff,<br><br>     v.<br><br>T. HASLEY, *et al*.,<br><br>                    Defendants. | Case No. CV 16-00912-JGB (AFM)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND** |

On February 9, 2016, plaintiff, an inmate presently incarcerated at the Kern Valley State Prison in Delano, California, filed a Complaint in this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He subsequently was granted leave to proceed without prepayment of the full filing fee. The Complaint named as defendants T. Hasley and Esrebar Cardenas, both Correctional Officers at California State Prison, Los Angeles County ("CSP-LAC"). Plaintiff's claims arose from an incident at CSP-LAC on December 28, 2012, when the correctional officers are alleged to have used excessive force. Plaintiff sought declaratory and injunctive relief as well as monetary damages.

In accordance with the terms of the "Prison Litigation Reform Act of 1995" ("PLRA"), the Court screened the Complaint prior to ordering service for purposes

of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1).

Following careful review of the Complaint, the Court found that its allegations appeared insufficient to state any claim upon which relief may be granted.  Accordingly, on March 9, 2016, the Complaint was dismissed with leave to amend, and plaintiff was ordered, if he wished to pursue the action, to file a First Amended Complaint no later than April 20, 2016.   Further, plaintiff was admonished that, if he failed to timely file a First Amended Complaint, or failed to remedy the deficiencies of his pleading, the Court would recommend that this action be dismissed without leave to amend and with prejudice.  (*See* ECF No. 8.)

Following an extension of time, plaintiff filed a First Amended Complaint ("FAC") on June 24, 2016.  (ECF No. 14.)[1]  In the FAC, plaintiff names as defendants Warden Soto; Assistant Warden R. Fritz; Chief of Inmate Appeals Lozano; Sergeant Gamboa, with the Investigative Services Unit; various supervisory defendants; and Correctional Officers Hasley, Cardenas, and Berryhill. All defendants are named in their individual capacities.  (*See* ECF No 14 at 3-6.) Plaintiff raises three claims, all arising from an incident that occurred at approximately 14:45 hours on December 28, 2012, and a subsequent Rules Violation Report ("RVR") filed against plaintiff.  (*Id.* at 3, 14.)  Plaintiff seeks declarative and injunctive relief, including a rehearing on the RVR, and damages. (*Id.* at 28-31.)

Once again, in accordance with the mandate of the PLRA, the Court has screened the FAC prior to ordering service for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such

---

[1]   The Court references the electronic pages of pleadings.

relief.  The Court's screening of the FAC under the foregoing statutes is governed by the following standards.  A complaint may be dismissed as a matter of law for failure to state a claim for two reasons:  (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (when determining whether a complaint should be dismissed for failure to state a claim under the PLRA, the court applies the same standard as applied in a motion to dismiss pursuant to Rule 12(b)(6)).   In determining whether the pleading states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff.  *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).  However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Further, since plaintiff is a prisoner appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt.  *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008) (because a prisoner was proceeding *pro se*, "the district court was required to 'afford [him] the benefit of any doubt' in ascertaining what claims he 'raised in his complaint'") (alteration in original).  Nevertheless, the Supreme Court has held that, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint

must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . .  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)); *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation").

After careful review of the FAC under the foregoing standards, the Court finds that the factual allegations may be sufficient to state a claim for the excessive use of force against some defendants, but the allegations appear insufficient to state any other claim.  Accordingly, the FAC is dismissed with leave to amend.  *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

**If plaintiff desires to pursue this action, he is ORDERED to file a Second Amended Complaint no later than November 30, 2016, remedying the deficiencies discussed below.**  Further, plaintiff is admonished that, if he fails to timely file a Second Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that this action be dismissed without leave to amend and with prejudice.[2]

_____

[2]   Plaintiff is advised that this Court's determination herein that the allegations in the First Amended Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim.  Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action.  However, if you decide to pursue a claim in a Second Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636,

**A.      Plaintiff's allegations may be sufficient to state an Eighth Amendment claim against defendants Hasley, Cardenas, and Berryhill.**

Plaintiff alleges that Officer Hasley struck plaintiff from behind while plaintiff was not resisting, and then plaintiff's feet were "swept from under him" and he was "body slammed" by Hasley.   Officers Cardenas and Berryhill "observed" but did not intervene.  (ECF No. 14 at 14-15, 24.)  While plaintiff was laying on the ground, Officers Hasley and Cardenas repeatedly hit him with their fists, knees, and feet.  (*Id.* at 15.)

The use of excessive force by a prison official against a convicted prisoner constitutes a violation of the Eighth Amendment.  *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).  However, the use of force against prisoners "does not amount to a constitutional violation . . . if it is applied in a good faith effort to restore discipline and order and not 'maliciously and sadistically for the very purpose of causing harm.'"  *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002).  (quoting *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)); *see also Furnace v. Sullivan*, 705 F.3d 1021, 1028 (9th Cir. 2013) (the constitutional analysis turns on "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm").

In addition, safety officers have a duty to intervene when their fellow officers violate the constitutional rights of a suspect or other citizen, but such a duty only arises if an officer has a "realistic opportunity to intercede." *Cunningham v. Gates*, 229 F.3d 1271, 1290 (9th Cir. 2000) (finding that "non-shooting officers who were present at the shootouts had no realistic opportunity to intercede" and could not be held liable for failing to prevent the shooting) (internal quotation marks omitted)); *Lolli v. County of Orange*, 351 F.3d 410, 418 (9th Cir. 2003) (supervising sergeant

---

ultimately may submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

who observed an incident involving a detainee at a jail may be held liable for failing to intervene); *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995) (prison officials can violate a prisoner's Eighth Amendment rights by failing to intervene, if they had an opportunity to intervene).

Here, plaintiff's factual allegations, accepted as true and construed in the light most favorable to plaintiff, appear sufficient to plausibly suggest that Officers Hasley and Cardenas used force maliciously and sadistically during the incident on December 28, 2012.  The factual allegations may also be sufficient to state a claim against Officer Berryhill for failing to intervene, but plaintiff fails to set forth any factual allegations concerning Officer Berryhill's location or Berryhill's ability to intervene during the incident.  As presently alleged, the factual allegations fail to give rise to a reasonable inference that Officer Berryhill was in a positon to have had a realistic opportunity to intervene in what appears to have been a relatively brief and unexpected use of force.  *See, e.g., Gaudreault v. Salem*, 923 F.2d 203, 207 n.3 (1st Cir. 1990) (finding officers present at the scene of an assault who did not prevent the attack could not be held liable for failing to intercede because they had "no realistic opportunity" to prevent an attack that "came quickly and was over in a matter of seconds").

**B.** **Plaintiff's allegations appear insufficient to state an Eighth Amendment for inadequate medical care.**

Plaintiff's FAC appears to allege that he was provided inadequate medical treatment following the incident on December 28, 2012, in which excessive force was allegedly used.  Plaintiff alleges that he "made several requests" for medical treatment to defendant Villalobos, but he was not taken to the treatment center until approximately 17:00 hours.  (ECF No. 14 at 16.)  Plaintiff complained of "blurred vision, nausea, dizziness and pain on [sic] his chest, back, knees, face."  (*Id.*)  During his medical evaluation, the staff failed to follow a "concussion protocol"

1   and only recorded a "minor bruise." (*Id.* at 22.)  Later, plaintiff submitted "several

2   sick-call slips regarding his blurred vision and constant headaches to the medical

3   staff." (*Id.* at 23.)  Plaintiff did not receive "follow-up" treatment, and he continues

4   to suffer from "diminished vision and memory loss." (*Id.*)

5        To the extent that plaintiff is purporting to allege that one or more defendants

6   provided inadequate medical care at any time, in order to establish a claim under

7   the Eighth Amendment for inadequate medical care, a prisoner must show that a

8   specific defendant was deliberately indifferent to his serious medical needs.  *See*

9   *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Estelle v. Gamble*, 429 U.S. 97, 106

10   (1976).  "This includes both an objective standard – that the deprivation was serious

11   enough to constitute cruel and unusual punishment – and a subjective standard –

12   deliberate indifference."  *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014)

13   (internal quotation marks omitted).

14        First, to meet the objective element of a deliberate indifference claim, "a

15   prisoner must demonstrate the existence of a serious medical need."  *Colwell*, 763

16   F.3d at 1066.  "A medical need is serious if failure to treat it will result in

17   significant injury or the 'unnecessary and wanton infliction of pain.'"  *Peralta v.*

18   *Dillard*, 744 F.3d 1076, 1081 (9th Cir. 2014) (en banc), *cert. denied*, 135 S. Ct. 946

19   (2015) (internal quotation marks omitted).

20        Second, to meet the subjective element, a prisoner must "demonstrate that the

21   prison official acted with deliberate indifference."  *Toguchi v. Chung*, 391 F.3d

22   1051, 1057 (9th Cir. 2004).  Deliberate indifference may be manifest by the

23   intentional denial, delay or interference with a plaintiff's medical care.  *See Estelle*,

24   429 U.S. at 104-05.  The prison official, however, "must not only 'be aware of facts

25   from which the inference could be drawn that a substantial risk of serious harm

26   exists,' but that person 'must also draw the inference.'"  *Toguchi*, 391 F.3d at 1057

27   (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).  Thus, an inadvertent

28   failure to provide adequate medical care, negligence, a mere delay in medical care

(without more), or a difference of opinion over proper medical treatment, all are insufficient to constitute an Eighth Amendment violation. *See Estelle*, 429 U.S. at 105-07; *Toguchi*, 391 F.3d at 1059-60; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). Moreover, the Eighth Amendment does not require optimal medical care or even medical care that comports with the community standard of medical care. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106.

Here, plaintiff's disagreement with a medical provider's choice of treatment does not give rise to a federal civil rights claim. *See, e.g., Cano v. Taylor*, 739 F.3d 1214, 1217 (9th Cir 2014) (prisoner's difference of opinion as to his medical treatment "is not actionable"); *Toguchi*, 391 F.3d at 1058 (a prisoner must show that the chosen course of treatment was "medically unacceptable under the circumstances" and was chosen "in conscious disregard of an excessive risk" to the prisoner's health). Further, the failure of prison officials to comply with prison regulations or state law in providing medical treatment to plaintiff similarly does not give rise to a federal civil rights claim. Rather, in order to state a claim against a particular defendant for violation of his civil rights under 42 U.S.C. § 1983, plaintiff must allege that a specific defendant, while acting under color of state law, deprived him of a right guaranteed under the United States Constitution or a federal statute. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Karim-Panahi*, 839 F.2d at 624. Moreover, the factual allegations of the FAC reflect that plaintiff received treatment approximately two hours after the incident in question. (ECF No. 14 at 14, 16.) A brief delay in medical care is insufficient to constitute an Eighth Amendment violation. *See, e.g., Shapley*, 766 F.2d at 407 (a mere delay, without more, is insufficient to state a claim of deliberate medical indifference).

In addition, to the extent that plaintiff is purporting to raise a civil rights claim arising from his medical treatment subsequent to the incident, plaintiff fails to allege that any defendant was responsible for providing plaintiff follow-up medical care. In order to state a federal civil rights claim against a particular defendant, plaintiff must allege that a defendant took an action, participated in another's action, or omitted to perform an act that he or she was legally required to do that *caused* a violation of plaintiff's constitutional rights. "A person deprives another 'of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiffs complain].'" *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (emphasis and alteration in original)).

Accordingly, the Court finds that plaintiff's factual allegations, even accepted as true and construed in the light most favorable to plaintiff, are insufficient to nudge any claim for inadequate medical care pursuant to the Eighth Amendment claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

## C.    **Plaintiff's allegations appear insufficient to state a claim against the supervisory defendants.**

Plaintiff names as defendants Warden Soto, Sergeant Villalobos, Lieutenant Brown, and Assistant Warden Fritz. Plaintiff alleges that defendants Fritz, Brown, and Villalobos were "placed on notice of the abusive conduct of defendants T. Hasley and E. Cardenas by a number of complaints" over "several months," but he fails to set forth any factual allegations pertaining to any incident other than the one that occurred on December 28, 2012. (ECF No. 14 at 17.) Plaintiff also sets forth conclusory allegations that Fritz, Brown, and Villalobos failed to adequately supervise correctional officers, and failed to "curb the known pattern of physical

abuse of inmates." (*Id.* at 24, 30.)  In addition, plaintiff alleges that Warden Soto violated the Eighth Amendment by his "failure to adequately train custody staff in the appropriate use of force" and his failure to supervise other defendants.  (*Id.* at 25-26.)

Plaintiff appears to be seeking to hold these defendants liable based solely on their supervisory role.   However, the Supreme Court has emphasized that "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Iqbal*, 556 U.S. at 676. Rather, plaintiff must allege that each defendant "through the official's own individual actions, has violated the Constitution." *Id.* at 676-77 ("each Government official, his or her title notwithstanding, is only liable for his or her own misconduct"). *See also Starr*, 652 F.3d at 1207 (a supervisor is liable only if he or she is personally involved in the constitutional deprivation or there exists a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation" (internal quotation marks omitted).  Accordingly, to the extent that plaintiff is purporting to hold any of the supervisory defendants liable on a theory that a particular defendant failed to adequately train the correctional officers in the use of force, plaintiff should set forth a short and plain statement of the defendant's own culpable action or inaction in training, or the supervisor's knowing acquiescence in a constitutional deprivation.

Moreover, to the extent that plaintiff is purporting to hold any of the supervisory defendants liable on a theory that a particular defendant failed to take action in response to a *pattern* of constitutional violations, plaintiff's FAC fails to set forth any factual allegations pertaining to any other incident of excessive force. Allegations of one incident with a few inadequately trained individuals do not raise an inference either that inadequate training caused the alleged constitutional violation of which plaintiff complains, or that any supervisory defendant was deliberately indifferent to a lack of training.  *See Marsh v. County of San Diego*,

680 F.3d 1148, 1159 (9th Cir. 2012) (allegations of an isolated instance of a constitutional violation are insufficient to support a "failure to train" theory).  The Court is not required to accept as true plaintiff's bare assertions that his constitutional deprivations resulted from official policies, customs and pervasive practices.  *See Cholla Ready Mix, Inc.  v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences").  Nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation."  *Wood v. Moss*, 134 S. Ct. 2056, 2065 n.5 (2014) (citing *Iqbal*, 556 U.S. at 678).  Accordingly, the Court finds that the FAC fails to set forth any factual allegations plausibly suggesting that the execution of any specific policy, ordinance, regulation, custom or the like was the "actionable cause" of his alleged constitutional violation. *See Tsao*, 698 F.3d at 1146; *Lee v. City of Los Angeles*, 250 F.3d 668, 681-82 (9th Cir. 2001) (plaintiff must allege that the local entity's custom or policy was the "moving force behind the constitutional violation[s]").

### D.  Plaintiff's allegations appear insufficient to state a claim arising from his administrative grievance.

Plaintiff names the Chief of Inmate Appeals Lozano, Sergeant Gamboa, and Miguel as defendants.  It appears to the Court that plaintiff may be purporting to hold these defendants liable based on their handling of plaintiff's complaint of staff misconduct and his subsequent administrative appeal.  (*See* ECF No. 14 at 19, 21, 27-28.)

A prisoner has no constitutional right to an effective grievance or appeal procedure.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that a prisoner has no constitutional right to an effective grievance or appeal procedure); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).  In addition, the guarantee of substantive and procedural due process under the Fourteenth Amendment applies

only when a constitutionally protected liberty or property interest is at stake.  *See Ingraham v. Wright*, 430 U.S. 651, 672 (1977).  An administrative appeal system does not implicate a liberty interest protected by the Due Process Clause.  *See, e.g., Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).  In his FAC, plaintiff fails to set forth any factual allegations that raise a reasonable inference that any defendant responsible for handling plaintiff's grievance "actually knew" that his or her failure to adequately resolve the grievance placed plaintiff at a serious risk.  *See, e.g., Peralta*, 744 F.3d at 1087 (9th Cir. 2014) (defendant's "failure to follow required procedure for inmate appeals "isn't, of itself, enough to establish a violation of [prisoner's] constitutional rights," the prisoner mush show both that the failure "put inmates at risk" and that the defendant "actually knew that his actions put inmates at risk" (emphasis in original)).

## E.    Plaintiff's allegations appear insufficient to state a due process claim arising from the disciplinary hearing.

Plaintiff alleges that defendant Harris violated his due process rights by failing to secure a "signed waiver" from plaintiff that waived his right to be present at the disciplinary hearing on his RVR, and that Harris failed to call witnesses requested by plaintiff and consider other evidence.  (ECF No. 14 at 18-19, 27.) Plaintiff also alleges that Harris did not ensure that plaintiff's absence at the administrative hearing was voluntary.  (*Id.* at 18.)  Following the hearing, plaintiff was found guilty of battery on a peace officer.  (*Id.* at 19.)  In addition, plaintiff alleges that the loss of credit imposed by the guilty finding on the RVR does not implicate his release date because plaintiff is serving a life sentence.  (*Id.* at 29.)

First, to the extent that plaintiff is seeking to have the guilty finding on the RVR set aside, a petition for habeas corpus is a prisoner's sole judicial remedy when attacking "the validity of the fact or length of … confinement."  *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973); *Young v. Kenny*, 907 F.2d 874, 875 (9th

Cir. 1990).  Further, a prisoner's challenge to a disciplinary action that necessarily implicates the length of his or her confinement must be brought in a petition for habeas corpus.  *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (barring § 1983 challenge to prison disciplinary hearing because success on the claim would result in automatic reversal of a disciplinary sanction); *Wolff v. McDonnell*, 418 U.S. 539, 554-55 (1974) (holding that prisoners may not use § 1983 to obtain restoration of good-time credits).  Thus, a plaintiff may not use a civil rights action to challenge the validity of his continued incarceration, seek expungement of his disciplinary conviction(s), or seek the restoration of any lost good-time credits.  Such relief only is available in a habeas corpus action.  However, "challenges to disciplinary proceedings are barred by *Heck* only if the § 1983 action would be 'seeking a judgment at odds with [the prisoner's] conviction or with the State's calculation of time to be served.'"  *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016) (en banc) (citing *Muhammad v. Close*, 540 U.S. 749, 754-55 (2004) (alteration in original)).  "If the invalidity of the disciplinary proceedings, and therefore the restoration of good-time credits, would not necessarily affect the length of time to be served, then the claim falls outside the core of habeas and may be brought in § 1983."  *Id.*; *see, e.g., Pratt v. Hedrick*, 2015 WL 3880383, at *3, 2015 U.S. Dist. Lexis 81432 (N.D. Cal. June 23, 2015) (§ 1983 challenge to disciplinary conviction not barred by *Heck* where the removal of the RVR or the restoration of time credits would not necessarily result in speedier release for an inmate with an indeterminate life sentence and no parole date).

Here, plaintiff alleges that his length of time to be served would not be impacted by the expungement of the guilty finding on the RVR.  Accordingly, it does not appear that his due process claim is barred by *Heck*.

Second, as noted, the federal guarantee of procedural due process under the Fourteenth Amendment applies only when a constitutionally protected liberty interest is at stake.  *See Ingraham*, 430 U.S. at 672.  In the prison context, the

Supreme Court has held that the Due Process Clause does not protect a prisoner's alleged liberty interest where a sanction "is within the normal limits or range of custody which the conviction has authorized the State to impose." *See Meachum v. Fano*, 427 U.S. 215, 225 (1976). Constitutionally protected liberty interests "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 483-84 (1995). As observed by the Supreme Court in *Sandin*, 515 U.S. at 484-87, due process does not protect every change in the conditions of confinement that results in a substantial adverse impact on the prisoner. For example, courts have held that a prisoner does not have a constitutionally protected liberty interest in remaining in the general prison population (*see Anderson v. County of Kern*, 45 F.3d 1310, 1315 (9th Cir. 1995)); that a prisoner does not have a constitutionally protected liberty interest in good time credits (*see Wolff*, 418 U.S. at 557); that temporarily confining a prisoner in severe conditions during an investigative contraband watch does not give rise to a protected liberty interest (*see Chappell v. Mandeville*, 706 F.3d 1052, 1063 (9th Cir. 2013)), and that placing a prisoner in disciplinary segregation for 14 days for violating prison regulations does not violate a protected liberty interest (*see Mujahid v. Meyer*, 59 F.3d 931, 932 (9th Cir. 1995)). The Ninth Circuit, however, has found that a twenty-seven month confinement in an "Intensive Management Unit" -- in which the prisoner was subjected to "solitary confinement for over twenty-three hours each day with almost no interpersonal contact" and denied most privileges provided to inmates in the general population -- imposed an atypical and significant hardship that implicated a protected liberty interest. *Brown v. Or. Dep't of Corr.*, 751 F.3d 983, 988 (9th Cir. 2014); *see also Serrano v. Francis*, 345 F.3d 1071 1078-79 (9th Cir. 2003) (finding a state-created liberty interest arising from

the unique situation of a disabled inmate being confined to administrative segregation for nearly two months without his wheelchair, not being able to use the toilet without crawling across the floor, not being able to take a proper shower, and not being able to partake of outdoor exercise).

In the FAC, plaintiff sets forth no factual allegations pertaining to any conditions of his confinement that he alleges posed an atypical and significant hardship. Further, plaintiff does not allege that the duration of any conditions of his confinement was sufficient to constitute such a hardship. Accordingly, as presently alleged, the imposition of discipline fails to give rise to a protected liberty interest implicating the Due Process Clause.

The Court therefore finds that the FAC fails to allege any facts giving rise to a plausible claim pursuant to the Due Process Clause of the Fourteenth Amendment.

************

If plaintiff still desires to pursue this action, **he is ORDERED to file a Second Amended Complaint no later than November 30, 2016**, remedying the pleading deficiencies discussed above. The Second Amended Complaint should bear the docket number assigned in this case; be labeled "Second Amended Complaint"; and be complete in and of itself without reference to the original Complaint, the First Amended Complaint, or any other pleading, attachment, or document.

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize. Plaintiff is admonished that he must sign and date the civil rights complaint form, and he must use the space provided in the form to set forth all of the claims that he wishes to assert in a Second Amended Complaint.

        In addition, if plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a).  The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

        Plaintiff is further admonished that, if he fails to timely file a Second Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.

        **IT IS SO ORDERED**.

DATED:  10/21/2016

_____
        ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE